```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

JAMES H. TREESH JR.,              :        Case No. 2:10-CV-437

       Plaintiff,               :

                                         JUDGE WATSON

   v.                            :        Magistrate Judge Kemp

DINO CARDARIS, et al.,            :

       Defendants.              :

## REPORT AND RECOMMENDATION

Plaintiff James H. Treesh Jr. is a prisoner residing at the Chillicothe Correctional Institute ("CCI"). On May 18, 2010, this Court received a pro se complaint from Mr. Treesh alleging violation of his constitutional rights by various employees of the CCI. Mr. Treesh also moved to proceed in forma pauperis. For the following reasons, the motion to proceed in forma pauperis will be granted. Further, it will be recommended that this action be dismissed pursuant to 28 U.S.C. §1915(e)(2).

I.

28 U.S.C. §1915(e)(2) provides that in proceedings in forma pauperis, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal

district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U. S. 544, 570 (2007). Pro se complaints are to be construed liberally in favor of the pro se party. Haines v. Kerner, 404 U.S. 519 (1972). The complaint will be evaluated under these standards.

II.

The following facts are taken from Mr. Treesh's complaint. On April 28, 2010, at 6:15 PM, Mr. Treesh visited nursing assistant Dino Cardaris on a nurse's sick call. Mr. Cardaris weighed Mr. Treesh, checked his vitals, and briefly discussed his medical problems. At approximately 6:32 PM, Mr. Treesh was dismissed from the infirmary. As he was leaving, he realized that he had forgotten his medical pass, and returned to the infirmary to retrieve it. When he returned, he looked through the doorway and saw Mr. Cardaris showing Correctional Officer Terry Deck his medical files and explaining why he had come to the infirmary. Mr. Treesh had signed no waivers giving Mr. Cardaris, or any other medical personnel, permission to show anybody else his medical records, nor had he signed any waivers for Correctional Officer Deck, or any other non-medical staff member, to receive any of his medical information.

Mr. Treesh also "realized" that between November 2009 and January 2010, correctional staff members were eavesdropping during his trips to the infirmary in order to gain private medical information. He believes this was done with the intent to further disclose his medical information to others so that it could be used for "damage and or death."

Mr. Treesh alleges that these incidents violated his Fourth

2

Amendment constitutional right to privacy.  He also alleges violations of 42 U.S.C.A. §1983, 42 U.S.C.A. §1985, and Ohio Rev. Code §102.03(B).  He seeks $25,000 in damages.  It is with these facts in mind that the Court will determine if the complaint is subject to dismissal under 28 U.S.C. §1915(e)(2).

### III.

42 U.S.C. §1983 provides a civil remedy to plaintiffs who allege various deprivations of their federal constitutional and statutory rights by persons acting under the color of state law. This Court has jurisdiction over the §1983 claim under 28 U.S.C. §§1342(a)(3) and 1331.

In order to state a _prima_ _facia_ case under this section, plaintiffs must satisfy two threshold requirements: "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." _Parratt v. Taylor_, 451 U.S. 527, 535 (1981), _overruled in part_, _Daniels v. Williams_, 474 U.S. 327 (1986). The question before the Court is whether Mr. Treesh's complaint states any valid claim under §1983.

### IV.

Mr. Treesh's complaint alleges that Mr. Cardaris' showing Mr. Deck the medical records violated his constitutionally protected right to privacy.  The Sixth Circuit Court of Appeals has explicitly held that there is no constitutionally protected right to privacy when personal information is being disclosed by the government.  _J.P. v. DeSanti_, 653 F.2d 1080 (6th Cir. 1981).

Almost all privacy right of nondisclosure cases in the Sixth Circuit Court of Appeals are barred by the court's opinion in _DeSanti_.  Without a "clear indication from the Supreme Court", the Sixth Circuit Court of Appeals will not recognize a constitutional privacy right protecting the disclosure of private

information. Id. at 1089.  The reasoning in this opinion has been used to foreclose prisoners from claiming a right to privacy regarding their medical records.  Doe v. Wiggington, 21 F.3d 733, 740 (6th Cir. 1994).

In DeSanti, a class of juveniles contested the disclosure of their "social history" reports prepared by their probation officers after they appeared in juvenile court.  DeSanti 653 F.2d at 1081.  The juvenile court disclosed these reports, which contained their family history, school records, and criminal records, to fifty-five government, social, and religious agencies belonging to a "social services clearinghouse." Id.  The court determined that although the Constitution protects some aspects of individual privacy, privacy in general is not protected.  Id. at 1088.

Specifically, the decision in DeSanti mandates a narrow interpretation of Whalen v. Roe, 429 U.S. 589 (1977) and Nixon v. Adm'r of Gen. Servs., 433 U.S. 425 (1977).  Whalen, the first case to allude to a privacy right of nondisclosure, states that "the cases sometimes characterized as protecting 'privacy' have...involved...the individual interest in avoiding disclosure of personal matters." Whalen 429 U.S. at 600.  Nixon cites this portion of Whalen to support its finding that public officials may have a privacy interest in avoiding disclosure of personal matters.  Nixon 433 U.S. at 457.  However, although these cases acknowledge that some circumstances warrant a right to nondisclosure of personal information, both cases ultimately rejected the right to privacy claim.  Bailey v. City of Port Huron, 507 F.3d 364, 368 (6th Cir. 2007).  Whalen and Nixon are the source for all privacy of information decisions, including the Second and Third Circuit Court of Appeals' decisions to grant prisoners a right of privacy in regard to their medical records.  See Powell v. Schriver, 175 F.3d 107 (2d Cir. 1999)(gratuitous

4

disclosure of inmate's transsexual status is not reasonably related to a penological interest and violated the inmate's constitutional right to privacy); <u>Doe v. Delie</u>, 257 F.3d 309 (3d Cir. 2001)(there is a right to privacy in one's medical information, particularly with regard to one's HIV status, and a prisoner's right to privacy of medical information is not fundamentally inconsistent with incarceration).

<u>DeSanti</u> rejects any interpretation of <u>Whalen</u> that indiscriminately applies its language, without considering the entire opinion, to create a privacy right of nondisclosure. <u>DeSanti</u> 653 F.2d at 1088.  <u>Whalen</u>'s holding does not address any question about the disclosure of private data by the government. <u>Id</u>. at 1090 (quoting <u>Whalen</u>, 429 U.S. at 605).  <u>Whalen</u> also does not identify any supporting provision of the Constitution for this right, which is "quite a telling failure" when the right in question is not well-established.  <u>Id</u>. at 1090.  Therefore, any blanket extension of the holding to create a privacy right of nondisclosure would be inappropriate.  Only when a fundamental interest is at stake does a constitutional right to privacy exist.  <u>Id</u>.  See <u>Kallstrom v. City of Columbus</u>, 136 F.3d 1055 (6th Cir. 1998)(privacy right of nondisclosure exists if the information is sensitive enough to put the lives of police officers and their families at risk).  Absent a fundamental interest, the Sixth Circuit Court of Appeals does not recognize a prisoner's privacy right of nondisclosure.

A prisoner's privacy complaint about disclosure of the prisoner's medical records is "indistinguishable" from the argument put forth by the juveniles in <u>DeSanti</u>.  <u>Doe</u> 21 F.3d at 740.  Doe filed a complaint when a guard discovered Doe was HIV positive by opening his medical files without authorization.  <u>Id</u>. In a brief opinion, the Court of Appeals held that this complaint was "foreclosed by the letter and reasoning of our decision in

5

J.P. v. DeSanti." Id. Prisoner complaints also have been dismissed when the plaintiff's claim is that a general disclosure of medical information has been made. Reeves v. Engelsgjerd, No. 04-71411, 2005 WL 3534906 at *4 (E.D. Mich. December 23, 2005)(there was no constitutional right violated when plaintiff's medical condition was discussed with non-medical staff). The only instance in which a prisoner may have constitutional grounds for relief for disclosure of his medical files is when the disclosure involves non-government personnel such as other inmates. Moore v. Provo, No. 09-1307, 2010 WL 1849208 at *3 (6th Cir. May 6, 2010). Absent that, prisoners have no constitutional right to privacy in their medical records.

Mr. Treesh alleges that the disclosure of his medical records invaded his privacy in violation of his constitutional rights. However, no right secured by the Constitution has been violated because, based on DeSanti and Wiggington, this constitutional right does not exist. There is no specific provision in the Constitution affirming a right to privacy in such matters, and absent protection of a fundamental interest, the Sixth Circuit Court of Appeals is unwilling to read such a right into the Constitution. If preventing the disclosure of highly sensitive medical information such as HIV status does not rise to the level of a fundamental interest, then surely Mr. Treesh's generic claim of privacy in his medical records does not trigger constitutional protection. Therefore, Mr. Treesh's federal claims are not cognizable based on the precedent of the Sixth Circuit Court of Appeals.

V.

In addition to his §§1983 and 1985 claims, Mr. Treesh also alleges that the defendant's disclosure of his medical information violated Ohio Revised Code §102.03(B). This Court

6

has supplemental jurisdiction over all state-law claims arising out of a "common nucleus of fact" under 28 U.S.C. §1367(a).  See Gibbs, 383 U.S. at 725 (1966).  A federal court, however, has the power to exercise discretion in hearing pendent state-law matters.  28 U.S.C. §1367(c).  Specifically, if a plaintiff's federal claims are dismissed before trial, then any state-law claims brought by the plaintiff are also appropriately dismissed. Id.; Gibbs, 383 U.S. at 726-27; Musson Theatrical, Inc. V. Federal Express Corp., 89 F.3d 1244, 1254-55 (6th Cir. 1996)("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed").

If this Report and Recommendation is adopted by the District Court, Mr. Treesh's federal claims will be dismissed.  Because there is no substantial interest in judicial economy that would be served by deciding Mr. Treesh's state-law claim, the Court should decline to exercise supplemental jurisdiction in this case.

## VI.

Based on the foregoing reasons, the Court recommends that James H. Treesh Jr.'s §§1983 and 1985 claims be dismissed pursuant to 28 U.S.C. §1915(e)(2) for failure to state a claim upon which relief can be granted.  The Court further recommends that Mr. Treesh's state-law claim be dismissed without prejudice.

## VII.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s).  A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

    The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

                  <u>/s/ Terence P. Kemp</u>
                    United States Magistrate Judge