```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION
```

James H. Treesh Jr.,           :
    Plaintiff,             :       Case No. 2:10-CV-437
                           :       JUDGE SMITH
   v.                      :
Dino Cardaris, et al.,         :
    Defendants.            :


James H. Treesh,               :
    Plaintiff,             :       Case No.  2:10-cv-516
                           :       JUDGE SMITH
   v.                      :
Terry Deck, et al.,            :
    Defendants.            :

<u>ORDER</u>

    On July 30, 2010, the Magistrate Judge issued a Report and Recommendation which proposes to dismiss Case No. 2:10-CV-437 pursuant to 28 U.S.C. §1915(e)(2) for failure to state a claim upon which relief can be granted.  On August 4, 2010, the Magistrate Judge ordered Case No. 2:10-CV-516 consolidated with Case No. 2:10-CV-437 for all purposes.  The Magistrate Judge then recommended that Case No. 2:10-CV-516 be dismissed for the same reasons set forth in the July 30, 2010 Report and Recommendation.  Plaintiff James H. Treesh, Jr., filed the same objection in each case and asked that both suits be allowed to continue.  Mr. Treesh also moved for leave to amend his complaint in each case in order to sue the defendants in their personal capacities and to add claims of imminent danger and deliberate indifference.  For the following reasons, the Court will overrule plaintiff's objection and adopt each Report and Recommendation in its entirety.  In addition, the Court will deny plaintiff's motions

to continue and for leave to amend his complaints.

## I.

When objections are received to a report and recommendation on a dispositive matter, the District Judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the District Judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.; see also 28 U.S.C. §636(b)(1)(C).

## II.

The allegations set forth in the two complaints are nearly identical. Mr. Treesh is a state prisoner incarcerated at the Chillicothe Correctional Institution in Chillicothe, Ohio. He alleges that a nursing assistant whom he had seen at the prison infirmary passed on information contained in his medical file to a correctional officer. This information included the reason for which he had sought medical attention. He further alleges that certain other corrections officers eavesdropped during his previous visits to the infirmary in order to gain private medical information. In Case No. 2:10-cv-437, Mr. Treesh stated his belief that the purpose of these actions was to disclose the information to others and/or to use the information to cause damages and/or death. In Case No. 2:10-cv-516, he theorizes that the corrections officers intended to advertise the information for sale on a website.

Mr. Treesh asserts in both cases that the nursing assistant and the correctional officers conspired to invade his medical privacy. In Case No. 2:10-cv-437, he contends that the defendants' actions violated his right to privacy under the Fourth Amendment for which he seeks damages pursuant to 42 U.S.C. §§ 1983 and 1985. He also pleads a state-law claim under Ohio Rev. Code §102.03(B). In Case No. 2:10-cv-516, the underlying

bases of his claim(s) are not stated.

### III.

The Magistrate Judge determined in each case that the complaint did not allege the violation of Mr. Treesh's constitutional rights because "the Constitution does not encompass a general right to nondisclosure of private information." J.P. v. DeSanti, 653 F.2d 1080, 1090 (6th Cir.1981). Thus, disclosure of an inmate's private medical information to a corrections officer does not violate the inmate's "constitutional right to privacy." Doe v. Wiggington, 21 F.3d 733, 740 (6th Cir.1994). The Magistrate Judge concluded that, under the facts pled, Mr. Treesh failed to state a claim upon which relief can be granted under 42 U.S.C. §§ 1983 and 1985. The Magistrate Judge, therefore, recommended that plaintiff's federal claims be dismissed pursuant to 28 U.S.C. §§1915(e)(2)(B)(ii) and 1915A(b)(1) and recommended that plaintiff's state-law claims be dismissed without prejudice in the event that this Court dismisses the federal claims. See Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1255 (6th Cir.1996)(absent "unusual circumstances," when federal counts are dismissed before trial for failure to state a claim, state-law claims should be dismissed).

Mr. Treesh filed a fourteen-page objection to the Report and Recommendation. Much of what is contained in this objection has nothing to do with the disclosure of his private medical information. To the extent that the objection relates to the subject matter of the two complaints and the Magistrate Judge's recommended disposition, the Court has conducted a de novo review.

Mr. Treesh argues that under 5 U.S.C. §552A, the Fourteenth Amendment Equal Protection Clause, the First Amendment, and the good-faith requirement of the Fourth Amendment, an inmate has a certain level of protection from facility members when the

3

passing and retrieval of medical information is done for unlawful purposes and used to cause serious physical harm or the death of the inmate.  Whatever merit this proposition may have, Mr. Treesh has not set forth "a plausible claim for relief." Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1950 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

The Court accepts as true the allegations that on April 28, 2010, a nursing assistant passed on information from plaintiff's medical files to a corrections officer, that Mr. Treesh had not authorized the release of this information, and that during the months of November 2009, December 2009, and January 2010, certain other corrections officers eavesdropped on him whenever he made sick-call visits to the nurses' station.  However, the allegations that the defendants disclosed or retrieved the information with the intent to advertise it for sale on the internet and/or to cause him serious harm or death are merely conclusory and are therefore not entitled to be assumed true. See id. at 1951.

Mr. Treesh has not shown why the holding in Wiggington, supra, does not apply here to negate his constitutional claims. As the Magistrate Judge pointed out, an exception might apply where sensitive medical information is disclosed to other inmates rather than to corrections officers.  See Moore v. Prevo, No. 09-1307, 2010 WL 1849208 at **2-3 (May 6, 2010)(subject to legitimate penological interests, inmates have Fourteenth Amendment privacy interest in guarding against disclosure of sensitive medical information from other inmates).  Mr. Treesh has alleged neither that the medical information was sensitive nor that it was disclosed to other prisoners at CCI.

The only case cited in Mr. Treesh's objection which relates to his constitutional privacy claim is Kallstrom v. City of Columbus, 136 F.3d 1055 (6th Cir.1998).  In that case, the Sixth Circuit held that undercover police officers have a

4

constitutionally-protected privacy interest in certain personal information in their personnel file under the substantive due process clause.  Id. at 1059.  This privacy interest is of constitutional dimension because it implicates a fundamental liberty interest, namely the officers' lives, their families' lives, and their personal safety.  Id. at 1062.  In recognizing a constitutional right to privacy in the officers' case, the court was careful to restrict any such interest "to those personal rights that can be deemed fundamental or implicit in the concept of ordered liberty."  Id. (citing DeSanti, 653 F.2d at 1090)).

    Mr. Treesh's right to privacy in his personal medical information does not appear to be fundamental or implicit in the concept of ordered liberty.  Although he may believe that disclosure of this information to corrections officers could result in serious harm or death, that type of unsupported belief is very different from the menace to the officers in Kallstrom, who had a legitimate fear that the personal safety of themselves and their families was threatened by a violent gang likely to seek revenge.  Id. at 1063.

     Mr. Treesh's invocation of 5 U.S.C. §522A fares no better. This statute, popularly known as the Privacy Act, permits an individual to bring a civil action for, inter alia, disclosure of the individual's social security number.  Such an action may, however, be brought against a federal agency only.  Schmitt v. City of Detroit, 395 F.3d 327, 328 (6th Cir.2005).  The civil remedy provisions of the Act do not apply against private individuals, state agencies, private entities, or state and local officials.  Dittman v. California, 191 F.3d 1020, 1026 (9th Cir.1999).  Moreover, section 1983 cannot be used to redress violations of the Privacy Act.  Id.  Accordingly, even if disclosure of plaintiff's medical information somehow violated the Privacy Act, Mr. Treesh still fails to state a federal claim upon which relief can be granted.

Mr. Treesh also included in his objection a "second" motion for injunctive relief. Because the Court is dismissing both complaints for failure to state a claim upon which relief can be granted, the request for injunctive relief is moot. See Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 614 (6th Cir.2009)(district court did not err in denying plaintiff's motion for preliminary injunction in light of dismissal of complaint). Furthermore, Mr. Treesh cites only Ohio law in connection with his request. When a plaintiff alleges that a state official has violated *state* law, the Eleventh Amendment bars both prospective and retrospective relief. Pennhurst State School & Hosp v. Halderman, 465 U.S. 89, 106 (1984)(emphasis in original).

IV.

Mr. Treesh also seeks leave to amend his complaint in each of these consolidated cases. However, a district court has no discretion to allow an amended complaint before dismissing a case under the Prison Litigation Reform Act. Warren v. Doe, 28 Fed.Appx. 463, 464 (6th Cir.2002).

V.

Based on the foregoing reasons, the Court overrules Mr. Treesh's objections (docs. 15, 10) and adopts the Report and Recommendation in each case (docs. 10, 7) in its entirety. Accordingly, all federal claims are dismissed pursuant to 28 U.S.C. §1915(e)(2) for failure to state a claim upon which relief can be granted. All state-law claims are dismissed without prejudice. The Court also denies Mr. Treesh's motions to continue (docs. 14, 11) and motions for leave to amend his complaints (docs. 13, 9).

/s/ George C. Smith
George C. Smith
United States District Judge